CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for D'ville
JUL 21 2006
JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PAMELA V. SMITH, | ) | CASE NO. 4:05CV00070 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 26, 2002 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING, in part, the Commissioner's final decision that plaintiff was not disabled prior to the expiration of her insured status and GRANTING judgment to the defendant on that claim, but REVERSING, in part, the Commissioner's decision denying her claim for SSI disability benefits after the expiration of her insured status, GRANTING the plaintiff's motion for summary judgment on this claim and RECOMMITTING the case to the Commissioner solely to calculate and pay proper SSI

disability benefits.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who was 48 years old, had a ninth grade education and a GED, and worked as a restaurant manager of foods and beverages, an owner/manager and a cook, had not engaged in substantial gainful activity[1] since her alleged onset of disability date, September 15, 1991, and was insured for disability benefits through June 30, 1996[2]. (R. 16-17, 33.) Further, the Law Judge determined that during the period of time prior to the expiration of her insured status, plaintiff's degenerative disc disease/osteoarthritis was a severe impairment, and that, during the period of time following the expiration of her insured status, plaintiff's mental impairment, residuals for right carpal tunnel release and right "trigger" thumb release, and right lateral ankle instability post fall also were severe impairments.[3] (R. 26-27, 33.) The Law Judge determined that both prior to and following the expiration of her insured status, plaintiff's impairments, viewed singly or in combination, were not sufficiently severe to meet or equal any listed impairment. (R. 28, 34.) Finding that plaintiff's subjective complaints were inconsistent with the medical evidence and, thus, not entirely credible, the Law

---

[1] The Law Judge found that the record suggests plaintiff continued performing substantial gainful activity through the expiration of her insured status, June 30, 1996. (R. 17, 33.)

[2] In order to qualify for Disability Insurance Benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status on June 30, 1996. *See* 20 C.F.R. § 404.131(a). Any evaluation of plaintiff's disability following June 30, 1996 relates solely to her claim for Supplemental Security Income benefits. (Def's Memorandum in Support, p. 3 n.1.; R. 18.)

[3] The Law Judge concluded that plaintiff's alleged restless leg syndrome, right shoulder "bursitis," possible sleep apnea, left carpal tunnel syndrome, pain in the knees, and hypoglycemia, when viewed individually or in combination, were not severe impairments. (R. 26.)

2

Judge determined that, prior to the expiration of her insured status, plaintiff possessed the capacity to perform a full range of light work requiring lifting up to twenty pounds occasionally and ten pounds frequently, standing and/or walking up to six hours in an eight-hour workday, and sitting up to six hours in an eight hour workday. (R. 29-30, 34.) The Law Judge further determined that following the expiration of her insured status, plaintiff suffered non-exertional limitations on her ability to perform detailed and complex tasks, maintain regular attendance in the work place if there were more than one or two persons present or to perform work activities on a consistent basis and complete a normal workday/workweek without interruptions in a one to two person group setting, with very little to no supervision, and no interaction with the public. (R. 30-31, 34.) The Law Judge found that plaintiff was not able to perform her past relevant work both prior to and after her insured status expired. (R. 31, 34.) By application of the Medical-Vocational Guidelines ("grids") to the period preceding the expiration of her insured status, and reference to evidence offered by a vocational expert (VE) for the period following the expiration of her insured status, the Law Judge concluded that, for both periods, plaintiff was not disabled. (R. 32, 34.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 7–9.) Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir.

3

1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially contends that the Law Judge erred in failing to find that her mental impairment limited her to working in groups with one to two persons prior to her insured date. Plaintiff notes that the Law Judge found this limitation existed subsequent to her insured date, and she asserts that under a relation back theory the condition is longstanding and existed prior to her insured date.

In support of this argument, plaintiff refers solely to an evaluation performed on April 2, 2003 by Bede A.R. Pantaze, a clinical psychologist, and her own self serving statements. (R. 358-362.) The undersigned concludes that Pantaze's report does not support plaintiff's relation back argument. Pantaze found that plaintiff's prior "psychological/psychiatric contacts" have been limited to brief out patient psychotherapy which was always terminated by plaintiff after only one or two sessions. (R. 360.) At no point in her findings does Pantaze opine that plaintiff's present inability to work in groups larger than one to two persons is a longstanding problem which existed prior to June 30, 1996.

Next, plaintiff argues that the vocational expert's testimony that she could perform other jobs which existed in significant numbers in the economy is inaccurate and unsubstantiated. For instance, plaintiff points to a portion of the VE's own testimony where he conceded that his

4

opinion was speculative. (R. 540.) At the hearing before the Law Judge, the VE testified that the only position available to a person like the plaintiff would be that of surveillance systems monitor. (R. 537-538.) When the VE was asked to opine as to the number of available surveillance systems monitor jobs which involve work in a one to two person group setting, he conceded that such an opinion would be "total speculation." (R. 540.) The Commissioner cannot rest on speculation to discharge her sequential burden, and the undersigned is of the view that the Commissioner did not meet her burden of producing evidence in this case that, following the expiration of plaintiff's insured status, there was significant number of jobs in the economy which were available to her. 20 C.F.R. §416.960(c)(1).[4]

Therefore, it is RECOMMENDED that an order enter AFFIRMING, in part, the Commissioner's final decision that plaintiff was not disabled prior to the expiration of her insured status and GRANTING judgment to the defendant on that claim, but REVERSING, in part, the Commissioner's decision denying her calim for SSI disability benefits after the expiration of her insured status, GRANTING the plaintiff's motion for summary judgment on this claim and RECOMMITTING the case to the Commissioner solely to calculate and pay proper SSI disability benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10)

---

[4] The VE's concession concerning the speculative nature of any work that would be available to the plaintiff demonstrates the futility of a remand for further proceedings. In other words, the vocational testimony already extant in the record calls for entry of judgment in favor of the plaintiff for her SSI disability benefits.

5

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

July 21, 2006
Date

6